675 A.2d 1114

IN THE MATTER OF STEVEN F. HERRON,
AN ATTORNEY AT LAW.

May 22, 1996.

## ORDER

The Disciplinary Review Board on March 5, 1996, having filed with the Court its decision concluding that **STEVEN F. HERRON** of **CHERRY HILL,** who was admitted to the bar of this State in 1978, and who is currently suspended from practice for a period of one year effective June 12, 1995, pursuant to this Court's Order dated May 18, 1995, should be suspended from the practice of law for a period of one year, effective June 12, 1995, for his misconduct in the handling of two matters, which included gross neglect (*RPC* 1.1(b)), lack of diligence (*RPC* 1.3), and failure to communicate (*RPC* 1.4), and for failure to cooperate with the disciplinary authorities (*RPC* 8.1(b));

And the Disciplinary Review Board having further concluded that prior to reinstatement respondent should submit proof of his psychiatric fitness to practice law, and that on reinstatement respondent should be required to practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years;

And good cause appearing;

It is ORDERED that **STEVEN F. HERRON** is hereby suspended from the practice of law for a period of one year and until the further Order of the Court, effective June 12, 1995; and it is further

ORDERED that prior to reinstatement to the practice of law respondent shall submit proof of his psychiatric fitness to practice law; and it is further

ORDERED that on reinstatement respondent shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years and until further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of his suspension and that he comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.